(March 28, 2013)

■ In the Matter of JULIANNE POLITO, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Also Known as CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Respondent. [962 NYS2d 120]—

Order and judgment (one paper), Supreme Court, New York County (Carol E. Huff, J.), entered January 12, 2012, which, to the extent appealed from as limited by the briefs, denied the petition seeking to annul an arbitration award, and granted respondent's cross motion to dismiss the proceeding brought pursuant to Education Law § 3020-a and CPLR article 75, unanimously modified, on the law and the facts, to reduce the fine to $2,500, and otherwise affirmed, without costs.

Deference is given to the Hearing Officer's decision to credit the testimony of the special education student, who was the alleged victim of petitioner's actions, and the testimony of the teacher's aide, who was present at the time of the actions (see *Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 568 [1st Dept 2008]). Contrary to petitioner's contention, the testimony of these two witnesses was not inherently incredible or contradictory.

Any prejudice that petitioner incurred in not receiving the subject student's Individual Education Plan prior to his testimony was cured when she received it later in the hearing,

and was given the opportunity to move to strike on the grounds of incompetence, as well as to call additional witnesses on the issue (*see Matter of Civil Serv. Empls. Assn. v Soper*, 84 AD2d 927, 928 [4th Dept 1981], *affd* 56 NY2d 639 [1982]). Moreover, the Hearing Officer's determination that the student was competent to testify should not be disturbed (*see People v Parks*, 41 NY2d 36, 46 [1976]).

In the exercise of our discretion, we conclude that the $7,500 fine imposed on petitioner for her improper remark to the special education student before the entire class, coupled with her tossing a book at him, shocks one's sense of fairness (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]), because petitioner's conduct involves a single incident. Petitioner's remark, though improper, was not of a highly inflammatory nature and her actions appear to constitute an isolated incident. The Hearing Officer also found that the book did not hit the student. Furthermore, several of the specifications against petitioner were withdrawn or dismissed.

The Hearing Officer properly declined to award petitioner attorney's fees pursuant to Education Law § 3020-a (4) (c), in light of the findings that there was some basis for the assertion of each of the specifications against petitioner.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Richter and Abdus-Salaam, JJ. **[Prior Case History: 2012 NY Slip Op 30018(U).]**